Brown *vs.* Stacy.

## BROWN *vs.* STACY.

Motion for new trial on the ground of newly discovered evidence, cannot be sustained when that evidence is only cumulative in its character.

Where the whole question before a jury is one of fact, they may properly be instructed that they are the judges of the weight to be given to the testimony of a witness, from his manner of testifying—and if there was no evidence impeaching his credibility, yet, if he was evasive when questioned by one party, and willing to answer favorably to the other, the jury may disregard it, or give it such weight as they think proper.

THIS was an action of assumpsit, determined in the Phillips Circuit Court, in December, 1842, before the Hon. JOHN C. P. TOLLISON, one of the circuit judges. Stacy sued Brown on a lost note, for $300, dated October 7, 1839, due at one month from date. Plea, *non assumpsit*, and trial. The evidence on the trial, as afterwards incorporated in a bill of exceptions, was as follows: The defendant

admitted the execution and loss of the note, and that it was given for the price of a negro man named Billy. One of plaintiff's witnesses, (Brown's clerk) proved the purchase of negro; that Brown's transactions as to purchasing negroes were not entered on the books of his store; nor did those books show any thing in regard to the purchase of, or payment for, that particular negro. Another witness proved that in 1839, 1840 or 1841, Stacy held the note on Brown, unpaid; but could state nothing positively as to the time. Another witness proved the purchase and price of the negro. The defendant introduced one witness, who stated that in 1840 or 1841, Stacy told him that he had settled with Brown, and they had cancelled all business and transactions between them, and Brown had paid him in Arkansas money all he owed him. Stacy said nothing about the negro. This was the substance of all the evidence.

The court instructed the jury, that they were the judges of the weight to be given to the testimony of a witness, from his manner of testifying; and, that if there was no evidence to impeach his credibility, yet if he evinced evasiveness when questioned by one party, and a willingness to answer questions favorable to the other, the jury might disregard his testimony altogether, or give it such weight as they thought proper. No objection was made to these instructions. On this evidence, on the 26th Nov., 1842, the jury found for the plaintiff, $354. On the 1st of December, the court allowed a motion to be filed for a new trial, *nunc pro tunc* as of 28th Nov., and certain affidavits in support of it, as of Nov. 30, on which days respectively the record states they had in fact been filed.

The grounds of the motion for a new trial were, first, that the verdict was contrary to law and evidence; and secondly, the discovery of new evidence. The latter ground was supported by the affidavit of Brown and of the newly discovered witness, the latter affidavit stating the same payment spoken of by one witness sworn on the trial. The motion was overruled, and the defendant excepted.

*Cummins,* for plaintiff.

*Pike & Baldwin,* contra. The instructions of the court show that

the witness of the defendant was a suspicious one, and his manner of testifying calculated to weigh with the jury. The whole question was one of fact; and no appellate court will renew the decision of a jury on such a question. *Graham vs. Cammann*, 2 *Caines* 168. *Carver vs. Jackson*, 4 *Peters* 30. *Parsons vs. Armor & Oakley*, 3 *Pet.* 425. *People vs. Superior Court of N. Y.*, 20 *Wend.* 664. *United States vs. Duval*, 6 *Wheat.* 542. *Cases in Trowbridge vs. Sanger*, 4 *Ark.* 181.

*By the Court*, LACY, J. The motion for a new trial was properly refused by the circuit court. There was no error in the instructions given to the jury. The whole question before them was one of fact, and this court will not review their decision upon such a case as is now before us. There is no such preponderance of evidence in this cause as will authorize our interference. The newly discovered evidence was cumulative, tending to prove payment, previously put in and attempted to be established upon the trial by other proof. Consequently the evidence adduced in support of a new trial was inadmissible. Judgment affirmed.